IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 13-0298-KD-N |
| GREAVES-WALKER, INC., d/b/a GLEEM'S CARPET ONE, CARPET ONE'S FLOORING WAREHOUSE and GLEEM COLOR AND DESIGN; JOANN AGOSTINELLI; and EDWARD AGOSTINELLI; | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Previously, the Court granted in part plaintiff Companion Property and Casualty Insurance Company's (Companion) motion for default judgment upon its complaint for indemnification against defendants Greaves-Walker, Inc. and Edward Agostinelli (Greaves-Walker and Agostinelli) (doc. 19). However, the Court reserved ruling on Companion's claim for accrued interest and attorney's fees, costs and expenses for prosecuting this litigation pending additional briefing by Companion. This action is now before the Court on Companion's supplemental brief on attorney's fees and interest and the affidavit of L. Judson Carroll III, President and General Counsel of National Claim Services (Carroll), the designated agent for handling security bond claims on behalf of Companion (docs. 20, 21).[1]

---

[1] The order of December 10, 2013 was mailed to Greaves-Walker and Agostinelli and the supplemental brief and affidavit were both served upon them by first class mail. Thus, again, Greaves-Walker and Agostinelli have received notice of this proceeding.

In the affidavit, Carroll stated that he sent a letter on February 14, 2013 demanding indemnification in the amount of $133,277.15 pursuant to the General Agreement of Indemnification (GAI) and advising Greaves-Walker and Agostinelli that, in accordance with O.C.G.A. § 13-1-11, they had ten days from receipt of the letter to pay the principal amount of $133,277.15, plus interest "without incurring an obligation to pay attorney's fees." (Doc. 20, p. 4-5) According to Carroll, "Companion never received any response to this letter and none of the defendants have contested or challenged the principal amount claimed." (Doc. 20, p. 2) Carroll also stated that Companion claimed attorney's fees, costs and expenses in the total amount of $4,665.60 for prosecuting this action. (*Id*.)

The demand letter indicates that it was sent by certified mail and regular mail. (Doc. 20, p. 4) According to the United States Postal Service's tracking system, the certified letter sent to Agostinelli in Spanish Fort, Alabama was delivered on February 16, 2013. The certified letter sent to Greaves-Walker in Mobile, Alabama was identified as "dead mail". There is no evidence that the letters sent by regular mail were returned undeliverable. Agostinelli is the President of Greaves-Walker. Thus, there is a presumption that delivery of the demand and notice was made by certified mail to Agostinelli and by regular mail to both Agostinelli and Greaves-Walker.

Accrued interest

Previously, the Court found that prejudgment interest is only allowed on liquidated claims. (Doc. 19, p. 18) (citing *Scovill Fasteners, Inc. v. Northern Metals, Inc*., 303 Ga. App. 246, 252(3), 692 S.E.2d 840 (2010)). Applying Georgia law, the sum of $133,277.15 became a liquidated debt when Greaves-Walker and Agostinelli did not respond to the demand letter dated February 14, 2013. *See In re Estate of Miraglia*, 658 S. E. 2d 777, 780 (Ga. App. 2008) ("A claim is unliquidated when there is a bona fide contention as to the amount owing. A liquidated

claim is an amount certain and fixed, either by the act and agreement of the parties or by operation of law; a sum which cannot be changed by the proof. The word 'liquidated' as used in OCGA § 7-4-15 means 'settled, acknowledged, or agreed.'") (quoting *Holloway v. State Farm Fire, Co.*, 245 Ga. App. 319, 321(1)(b), 537 S.E.2d 121 (2000)).  Also, under Georgia law, if a "liquidated" debt is "payable on demand", then interest accrues "from the time of the demand." O.C.G.A. § 7-4-15. As to the rate of interest, Paragraph 2B of the GAI provides that "[a]ny debt accrued by the Surety, on behalf of the Principal and Indemnitors will accrue interest at 12% per annum." (Doc. 20, p. 7) Thus, Greaves-Walker and Agostinelli have contractually bound themselves in writing to pre-judgment interest at the rate of 12% per annum accruing from February 14, 2013. *See* O.C.G.A. § 7-4-2 (providing for a "legal rate of interest" of "7 percent per annum simple interest where the rate percent is not established by written contract.") Upon consideration of the terms of the GAI, Carroll's affidavit, and the arguments raised in the additional briefing, the Court finds that Companion is entitled to default judgment as to the pre-judgment interest in the amount of $13,890.94[2] plus $133,277.15, for a total of $147,168.09.

Attorney's fees, costs and expenses

As to the claim for attorney's fees, costs and expenses of this litigation, Companion argues that O.C.G.A. § 13-1-11 does not apply to the GAI, but points out that its agent National Claim Services gave the statutorily required notice when it sent the February 14, 2013 demand letter to Greaves-Walker and Agostinelli.[3] Since they did not respond to the demand letter and

---

[2] At the rate of 12% per year, interest accrues on $133,277.15 in the amount of $43.82 per day.  From February 14, 2013 until December 27, 2013, 317 days have passed.  $43.82 times 317 yields $13,890.94.

[3] The demand letter specifically referenced the statute: "You are further notified that Companion intends to enforce the provisions of the GAI regarding payment of attorney's fees pursuant to O.C.G.A. Section 13-1-11. Accordingly, you have ten (10) days from receipt of this
(Continued)

pay the debt as demanded, which resulted in this litigation, and because there is evidence before the Court that the statutory notice requirement was met, the Court finds that Companion is entitled to default judgment for the attorney's fees, costs and expenses actually incurred in this litigation, $4,665.60, as requested in the supplemental brief. [4]

Conclusion

Upon consideration, the Court finds that Companion is entitled to a default judgment in the total amount of $151,833.69, which is composed of the principal sum of $133,277.15, accrued interest in the amount of $13,890.94, and attorney's fees, costs and expenses in the amount of $4,665.60.

Judgment shall be entered by separate document as provided in Rule 58(a) of the Federal Rules of Civil Procedure.

DONE this the 27th day of December 2013.

    s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

letter to pay all principal and interest due without incurring an obligation to pay attorney's fees." (Doc. 20, p. 5)

[4] The amount that Companion now seeks to recover, $4,665.60, is lower than the fifteen (15%) percent of debt allowed by O.C.G.A. § 13-1-11(a)(1) and included in the notice provision of the demand letter ($20,254.48). (Doc. 20, p. 5) Also, the GAI provides for an even larger percentage: twenty-five (25%) percent. (Doc. 1, p. 14)